Filed Dec. 12, 1891.

---

No. 15,382.

WILLIAMS v. THE STATE, EX REL. MOON.

APPELLATE COURT.—*Bastardy.*—*Jurisdiction.*—The Appellate Court has exclusive jurisdiction of a prosecution under the statute for bastardy.

From the Boone Circuit Court.

*J. C. Suit, W. N. Suit* and *F. F. Moore,* for appellant.
*M. Bristow, C. M. Zion* and *W. R. Moore,* for appellee.

OLDS, J.—This is a prosecution under the statute for bastardy. The object of such prosecution is to compel the father to maintain and educate the child, and this is secured by the rendition of a money judgment and an order requiring the father to pay to the mother, or such other person as the court may direct, such sums of money as the court may adjudge proper.

The ultimate judgment to be rendered is a money judgment.

The provision of the statute authorizing the commitment of the defendant to jail in default of replevin bail is intended to aid in securing the payment of the judgment. The sole object is to compel the payment of such a sum of money as

the court may adjudge proper, and the action is an action for the recovery of money only, for if the judgment be paid or its payment secured by the entry of replevin bail, the object of the statute is accomplished, and no other relief is authorized.    Sections 991 and 992, R. S. 1881.

Section 1 of the act creating the Appellate Court, and defining its jurisdiction (Acts of 1891, p. 39), provides that in "All cases for the recovery of money only where the amount in controversy does not exceed one thousand dollars," the Appellate Court shall have exclusive jurisdiction on appeal.

The judgment in this case is for four hundred dollars, and an appeal was taken, and the transcript filed in this court on the 7th day of February, 1891, and was pending in this court at the time of the passage of the act creating the Appellate Court.

Section 19 of said act provides for the transfer to that court of all cases then pending in this court of which the Appellate Court is by said act given jurisdiction.

The Appellate Court having exclusive jurisdiction in this class of cases, this case is transferred to the Appellate Court for decision.

Filed Nov. 20, 1891.